Opinion of the court by
Mr. Justice Thotteu:
The record presents two questions for the decision of this court: 1. Whether the court erred in allowing the defendants to plead in chief to the merits, after the withdrawal of the demurrer. 2. And whether the notarial record offered in evidence was properly refused by the court.
1. The statute provides that if the defendant shall demur to the declaration, and the demurrer be not sustained on joinder and argument, the court shall proceed to render up judgment, &c.; and no plea to the suit or action shall be admitted, unless the defendant shall make oath or affirmation, that he hath a good and substantial defence, &e. This statute evidently contemplates the case of a judgment rendered by the court, after joinder and argument, in favour of the plaintiff. Here there was no argument, and the action of the court was permissive merely, in allowing the defendants to abandon their demurrer. We are not authorized to infer that the judgment of the court would have been against the demurrer, since it was not submitted to its decision. It is sufficient that the court rendered no judgment. The case is not therefore within the statute. It is in principle like the case of a demurrer to a plea, and the confession of the demurrer by the defendant, and leave prayed and granted to amend the defective plea, in which case the statute of amendments and jeofails *182 controls the proceedings. It is then a question addressed to the discretion of the court, and from its determination no appeal lies. This is a familiar question of the law.
The question of the competency of the notarial record is the same as that which arose in the case of the Planters’ Bank v. Barnard, 4 Howard, 98. The only distinction between that case and the present is that the record of the deceased notary, which was there offered as testimony was not certified under the oath of the notary. And it was therefore “ held not to be evidence per se, under the act of 1833.” But it was decided to be admissible on another principle, which exists by the common law, as the memorandum of one who knew the- fact, had no interest to falsify it, and which was made by him as a public officer in the regular course of his business as such. 1 Starkie’s Evid. 70. 10 East, 109. 1 Salk. 285. 8 Wheat. 326. 15 Mass. Rep. 380.
The record in the case at bar is however entirely exempt from the objection which was taken in that case. It is subscribed by the notary, and there is appended a regular certificate of a justice of the peace, that the facts contained- in it were sworn to before him by the notary. The record also contains the testimony of the justice upon the trial below, that the affidavit was made as stated on the notarial record. This is a full compliance with the statute. That act provides that when any notary shall protest any bill or note, he shall make and certify on oath a full and true record of what shall have been done thereon by him, in relation thereto, according to the facts, by noting thereon whether demand was made, of whom, and when, when the requisite notices were served, and on whom, where mailed if such be the fact, when mailed, to whom and where directed, and every other fact, &c.
The record was then admissible upon the principle of the statute as well as that of the common law. The case of Nichols v. Webb, 8 Wheaton, 326, is a decisive authority for the admission of the testimony under the common law.
The judgment of the court must therefore be reversed and a venire de novo awarded.